IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAPHAEL SIMS,

        Petitioner,

vs.                                      No. CIV 03-1471 JH/LFG

PATRICK SNEDEKER, Warden,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed December 29, 2003. Respondent filed his Answer on February 6, 2004. Petitioner Raphael Sims ("Sims") challenges the judgment and sentence entered by the Second Judicial District Court in State v. Sims, No. CR 91-1049 (County of Bernalillo, New Mexico).

2. Upon a jury verdict, Sims was convicted of the offenses of first-degree murder and battery and was sentenced to life imprisonment. A Judgment and Sentence was entered on June 1, 1992. He appealed, and on August 19, 1993, the New Mexico Supreme Court upheld his conviction.

3. On January 19, 1995, Sims, represented by counsel, filed a petition for writ of habeas corpus in the state district court. Following a court-ordered forensic evaluation and evidentiary

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

hearings, the petition was denied by the state district court.  The New Mexico Supreme Court denied

certiorari on November 4, 2003.  Sims thereafter filed this habeas petition in federal court.

4.  Sims presents the following grounds for federal habeas review:

CLAIM ONE:  He was denied effective assistance of counsel, in that his trial attorney: (a)

failed to obtain an expert witness in support of his defense that he did not deliberately kill the victim;

(b) failed to prepare defense witnesses for trial and to develop witnesses' testimony at trial,  especially

Sims' own testimony in light of his "expressive disorder"; (c) failed to request a jury instruction on

inability to form the specific intent to kill; and (d) failed to invoke attorney-client privilege, instead

disclosing the name of an expert witness without knowing whether the witness's testimony would be

helpful or damaging to the case.

CLAIM TWO:  He was denied his right of compulsory process to obtain witnesses favorable

to the defense, in that witnesses were not developed correctly and the State did not provide funds to

pay for expert witnesses.

CLAIM THREE:  He was mentally incompetent to stand trial.

5.  In his Answer, Respondent asserts, *inter alia*, that the petition should be dismissed as a

mixed petition because although Sims exhausted his state court remedies as to Claim One (ineffective

assistance of counsel), he has not exhausted his remedies as to Claims Two or Three.

6.  In his state habeas petition, Sims raised three issues:  (a) ineffective assistance of counsel

prior to trial; (b) inappropriate comment by a prosecution witness on his silence during arrest; and

(c) ineffective assistance of counsel at trial.  (Answer, Ex. M).

7.  At trial, Sims did not dispute that he killed the victim; rather, the defense position was that

he was unable to form the specific intent to commit a first degree murder.  In his state habeas petition,

2

Sims argued that his attorney was ineffective in that he failed to ensure that Sims was evaluated by a mental health professional, or to make arrangements with the Public Defender Department to retain the services of such professional.

8.   He asserted further in his state petition that, at one point in trial preparation, his attorney did discuss the possibility of retaining Dr. Robert Walters of Ruidoso to interview Sims and make a psychological evaluation, but counsel never followed through on this, instead waiting until the last minute to find and hire a different expert witness, Dr. William Foote.  Sims says that his trial attorney and the Public Defender Department:

> quickly retained Dr. William Foote to make a cursory evaluation based upon the record rather than having an in-depth forensic evaluation or to perform *any* face-to-face interview of the client, himself, in order to form an education and intelligent opinion as to the issue of formation of specific intent ...  After Dr. Foote was retained, because of his schedule he was unable to interview Petitioner.  Trial counsel failed to ask for a continuance so that Dr. Foote might evaluate the Petitioner properly.   Instead, immediately before jury trial, trial counsel agreed to telephone Dr. Foote from the Judge's chambers.  In that telephone conversation Dr. Foote, who had time only to review the school records, police reports and witness statements provided by counsel, expressed his preliminary belief that his evaluation probably would not be helpful to Petitioner's case.  [Emphasis in original].

(Answer, Ex. M, at 3).

9.   Sims asked the state court to find that he had been denied effective assistance of counsel or, in the alternative, to order an evidentiary hearing at which a mental health professional would be called to testify on Sims' behalf and to render an opinion as to his ability to form the specific intent to murder.  (Answer, Ex. M, at 5, 7).

10.   As noted above, the state district court ordered that a psychological evaluation of Sims be conducted, for use in an evidentiary hearing on the issues of ineffective assistance of counsel prior

to and at trial.  In making this ruling, the court stated:

> The Petitioner (Defendant at trial) almost certainly would be unable
> to show that the alleged ineffective assistance of trial counsel
> prejudiced the Defendant's substantial rights unless Petitioner
> produces evidence of forensic evaluation of the Petitioner which
> shows that at the time of commission of the homicide, Petitioner was
> unable to form (or did not form) specific/deliberate intent to kill the
> victim.  Similarly, the Respondent and/or State of New Mexico would
> be unable to make an informed and intelligent response to – and this
> Court would not be able to make an informed decision on the merits
> of – the portions of the Petition for Writ of Habeas Corpus pertaining
> to alleged ineffective assistance of counsel prior to trial and/or at trial,
> unless and until Dr. Robert Walters or Dr. William Foote or other
> qualified expert mental health professional conducts forensic
> evaluation of the Defendant ...

(Answer, Ex. M, at 2).

11.  The court ordered an evidentiary hearing to be held following the forensic evaluation, "on

the merits of the portions of the Petition for Writ of Habeas Corpus pertaining to ineffective

assistance of counsel prior to trial and ineffective assistance of counsel at trial."  Sims' second ground

for relief, inappropriate comment on his silence, was dismissed.  (Answer, Ex. M, at 2-3).

12.  The psychological evaluation was conducted by Dr. Ellen Franklin.  It is unclear from the

record when the evaluation was conducted and when the report was submitted to the court and the

parties, although the State noted in a pleading that it received her report in June 1995.  (Record

Proper, hereinafter cited as "RP," at 244).  After several years' delay, the court held evidentiary

hearings on Sims' petition for habeas corpus in 1998 and 1999.[2]  On July 31, 2002, Judge Blackmer

filed his order denying Sims' Petition for Writ of Habeas Corpus, as amended on August 29, 2003.

(Answer, Exs. O, Q; RP at 254-77; 280-303).

---

[2]The record is not entirely clear, but it appears that at least two evidentiary hearings were held;
one on or about December 12, 1998, and another on or about September 30, 1999.

13.   The record does not include any briefs submitted on the state habeas petition, nor any transcripts of the hearings.  However, in the order denying Sims' petition (references are to the amended order), Judge Blackmer wrote that during opening statements at the evidentiary hearings, Sims' attorney listed the following four areas of "ineffective assistance":  (a) failure to obtain an expert witness in support of his defense that he did not deliberately kill the victim; (b) failure to prepare defense witnesses for trial and to develop witnesses' testimony at trial, especially Sims' own testimony in light of his "expressive disorder"; (c) failure to request a jury instruction on inability to form the specific intent to kill; and (d) failure to invoke the attorney-client privilege in that counsel disclosed the name of an expert witness without knowing whether the witness's testimony would be helpful or damaging to the case.  These are the same four grounds raised in Sims' Claim One in this federal habeas petition.

14.   Judge Blackmer thoroughly addressed each of these issues in his detailed 24-page opinion and order denying Sims' state habeas petition.  With respect to ground (a), the judge found that Sims' trial counsel was indeed ineffective in failing to ensure that Dr. Foote had conducted and completed a forensic psychological evaluation of Sims prior to trial, to test the feasibility of a defense that Sims acted rashly or impulsively in the killing.  However, Judge Blackmer found further that Sims had not met his burden of showing prejudice as a result of counsel's ineffectiveness, as required under the standard of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), in that there is no reasonable probability that the outcome of the trial would have been different if counsel had acted differently.  The judge carefully explained his reasoning behind this ruling in significant detail, over seven pages of the opinion.

15.   Judge Blackmer further found that Sims failed to show ineffective assistance in

connection with the next two grounds advanced in support of his habeas petition – the alleged failure to properly develop witness at trial, including Sims himself, and the failure to request a specific jury instruction on inability to form a deliberate intention.

16.  Finally, with regard to Sims' claim of ineffective assistance on the basis of a failure to claim attorney-client privilege, Judge Blackmer found that any such failure did not amount to ineffective assistance.  Even if it had, the judge ruled, Sims was not prejudiced by revelation of Dr. Foote's name or his opinions, as there is no indication in the record that either the name or the opinions were used at any time during trial.

17.  As noted above, the New Mexico Supreme Court denied Sims' petition for certiorari.

18.  There is thus no question that the issues raised in Sims' federal petition for habeas corpus, Claim One, were raised and decided by the state courts and have been exhausted.

19.  However, the Court agrees with Respondent that Sims' additional claims, that he was denied compulsory process to obtain favorable witnesses, and his claim that he was mentally incompetent to stand trial, were not presented to the state courts in a posture allowing full and fair consideration; indeed, they were not presented at all.  These claims therefore have not been exhausted at the state level and cannot be considered by this court.  Smith v. Atkins, 678 F. 2d 883, 885 (10th Cir. 1982).

20.  Sims' Claim Two is titled, "Denial of compulsory process to obtain witnesses favorable to the defendant." [Petition, Doc. 1, at 7].  In elaborating on this claim, Sims states, "This explained in ineffective assistance of counsel claim" (apparently referring here to Claim One).  His statement of supporting facts with regard to this claim reads, "As part of I.A.C. witnesses were not develop correctly and trial testimony from witnesses favorable to the Defendant's case.  The State choose to

handicap the defendant's case, by not providing funds to pay for expert witness (Dr. William Foote)." [Petition, at 8]. Although Claim Two, in the supporting facts portion, appears to be a restatement of Claim One, it is nevertheless presented under the title "denial of compulsory process," which is a constitutional right separate from the right to effective assistance of counsel. The Court therefore assumes that Sims wishes to bring a claim for denial of compulsory process to obtain favorable witnesses. This issue was not presented to the state courts in any post-conviction proceeding, and the claim therefore remains unexhausted.

21. Claim Three is titled, "Conviction was obtained as a result of a plea of guilty or trial while the defendant was mentally incompetent." [Petition, at 9]. In his statement of facts supporting this claim Sims states, "This was also brought in the I.A.C. [ineffective assistance of counsel] claim." However, the Court does not find any allegation in Claim One relating to incompetence to stand trial. Sims elaborates Claim Three by stating that "The State refused the defendant motion to provide funds to have a defense psychological interview. The psychological evaluation would have raised the claim that the defendant was suffering from 'fractured moment breakdown' which is a manifestation of post-traumatic stress disorder." [Petition, at 8]. He goes on in his statement of supporting facts to relate the sequence of events, described above, regarding the last-minute consultation with Dr. Foote. He further asserts that his competency "was in question from the beginning of the trial." Whether or not this is true, Sims never raised his competency to stand trial as an issue on appeal, or as a ground for state habeas relief.[3]

---

[3]Judge Blackmer did note in his order denying the state habeas petition that, about five weeks after the homicide, Sims had received a psychological forensic evaluation at the UNM Mental Health Center Forensic Evaluation Service, and the evaluator determined that Sims was competent to stand trial. (Answer, Ex. Q at 6, 10). However, this fact was mentioned only in passing and not because Sims raised incompetency as an issue in his habeas petition.

22.   Later in his Petition, Sims states that "Claim two and claim three were brought under the claim one (I.A.C.).  The petitioner felt a breakdown of the claims were in order."  By this statement, Sims appears to be saying that his second and third claims are simply an elaboration, or "breakdown," of the overall claim of ineffective assistance of counsel.  However, it is clear that Sims raises two new issues – denial of compulsory process to obtain favorable witness, and a claim that he was incompetent at the time of trial.  Whether standing alone or as elements of an ineffective assistance claim, neither of these issues was presented to the state courts, either on direct appeal or in Sims' habeas petition.  [*See*, Answer, Ex. G, Defendant-Appellant's Brief-in-Chief, at 2: Issues Presented; and Answer, Ex. K, opinion of New Mexico Court of Appeals].

23.   The exhaustion doctrine does not require that a petitioner frame a claim in exactly the same manner in which it was presented to the state courts.  Picard v. Connor, 404 U. S. 270, 277, 92 S. Ct. 509, 513 (1971).  However, Claims Two and Three in this Petition were never raised in the state courts, in any manner, and those courts have not yet had an opportunity to examine these claims. The Court therefore finds that Claims Two and Three of Sims' petition are unexhausted, whereas Claim One, ineffective assistance of counsel, was clearly raised and decided in the state habeas petition and taken to the state's highest court on application for certiorari, and that claim has clearly been exhausted.  Thus, it is apparent that Respondent is correct in its assertion  that Sims has filed a mixed petition which is therefore subject to dismissal.

> [I] f the petitioner raises claims in his federal habeas petition that he
> has not raised in state court [and others that raised and decided in
> state court], . . . the petitioner will be faced with a choice of either
> having his entire petition dismissed as a mixed one, or abandoning
> those claims that he did not raise in state court and pursuing only [the
> exhausted claims] . . . [A] court cannot adjudicate the exhausted
> claims in a mixed petition unless the petitioner amends the petition to

delete the unexhausted claims . . .

Harris v. Champion, 48 F. 3d 1127, 1133 (10th Cir. 1995).

24.  28 U. S. C. §2242 provides that an application for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions, and Fed. R. Civ. P. 15( a) may be used to allow the petitioner to amend his petition when the court feels this is called for.  Advisory Committee Note (1976) to Rule 5, Rules Governing Section 2254 Cases; see also Rule 11 of the Rules Governing Section 2254 Cases.  The Court finds and recommends that Sims should be allowed to amend his petition, if that is his preference, to include only the claims that have been exhausted -- that is, the ineffective assistance of counsel claims based on the four grounds stated in Claim One of his Petition.  He should be aware, however, that if he does so, he risks dismissal of a subsequent federal habeas petition which raises the claims he would now be abandoning.  *See*, Rose v. Lundy, 455 U. S. 509, 520-521, 102 S. Ct. 1198, 1204-05 (1982); Harris, at 1133; Brown v. Shanks, 185 F. 3d 1122 (10th Cir. 1999).

25.  If Sims chooses not to amend, his Petition will be dismissed in its entirety without prejudice, in order to allow Sims the opportunity to present his unexhausted claims to state court. Sims is advised, however, that the one-year statute of limitations would still apply to all claims in his petition, including those that have been exhausted.

**<u>Recommended Disposition</u>**

That Sims be given one month from the date this Recommendation is adopted by the District Court, if it is so adopted, to submit an amended petition including only his present Claim One and, if Sims does not file an amended petition by the date given, that the case be dismissed without prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge